## LEWY CHEMICAL CO. v. ROSETH CORPORATION.

(District Court, E. D. New York.   May 23, 1923.)

Patents ☞328—1,097,544, claims 2 and 3, for garment hanger bag, held valid, and not infringed.

    Goldberg patent, No. 1,097,544, claims 2 and 3, for garment hanger bag, *held* valid, and not infringed.

In Equity.   Suit by the Lewy Chemical Company against the Roseth Corporation.   Judgment of dismissal.

Henry J. Lucke, of New York City, for plaintiff.
Munn, Anderson & Munn, of New York City, for defendant.

CAMPBELL, District Judge.   This is a suit in equity for infringement of letters patent No. 1,097,544, granted by the United States Patent Office to Hyman Eli Goldberg and David Goldberg, and dated May 19, 1914, and also for unfair competition in trade.   The plaintiff is the owner of the entire right, title, and interest of, in, to, and under said patent No. 1,097,544, issued to Goldberg and Goldberg, and was such owner at the time of the alleged infringement.

Both parties to the instant suit are, for the purpose of determining jurisdiction, considered citizens of this state, and if the plaintiff does not succeed in showing infringement of the patent, the cause of action for unfair competition in trade will fail, as this court will not have jurisdiction.   I shall therefore deal first with the alleged infringement of the patent.

The plaintiff relies upon claims 2 and 3 of the patent in suit.   The defendant raises but one defense to the suit on the patent, and that is noninfringement.

Claims 2 and 3 of the patent in suit read as follows:

"2. A device of the kind specified, comprising a bag open along one longitudinal edge, a reinforcing member in the upper end thereof from which the bag body depends, a hanger for said bag secured to the middle portion of said reinforcing member, a single member adapted to support a garment within the bag secured to said reinforcing member adjacent to the point of attachment of said hanger therewith and farther from the open edge of the bag than said hanger, the weight of a garment imposed upon said supporting member acting to tilt the bag to swing the open edge in a direction opposed to the direction of insertion of said garment, and means for effecting closure of the open edge of the bag to seal the same, substantially as described.

"3. The garment delivery bag herein described, comprising a baglike body portion having a side opening at the extreme edge of the bag, with the front portion of the bag extending approximately to the open side thereof, and with the back portion of the bag provided with a flap extending laterally over the front portion to a point in front of the bag and about the middle line thereof, whereby a substantial closure flap is formed which extends sufficiently beyond the side opening to efficiently guard against the entrance of dust, fastening devices for securing the edge of said flap to the bag front, means permanently closing the upper and lower ends of the bag and devices at the top and within and without the bag for co-operating in suspending a garment within the bag and for suspending the bag and its contents."

The interpretation of claim 2 presents no difficulty. There are five elements, four lettered from A to D, respectively, and the fifth comprising the letters H to L, as follows: A, the bag open along one longitudinal edge; B, a stick of wood or other material at the upper end to reinforce said upper end from which the body depends; C, a hook rotatably secured to the middle portion of B, the reinforcing member; D, a single member within the bag rigidly secured to B, the reinforcing member, adjacent to the point of attachment of C, the hanger, and farther from the open edge of the bag; H, I, J, K, and L, the main fastening devices.

A better understanding of what the patentees intended by the language used in claim 2 with reference to the functional result obtained, because of locating the member D as described, will be gained by reading that portion of the specification referring thereto, which reads as follows:

"The said hook D is offset relatively to the hook C toward the closed longitudinal edge or side of the bag so that, when inserting a garment into the bag the weight of said garment when imposed upon said hook D, will serve to throw the lower end portion of the bag in a direction opposed to the direction of insertion of the garment and thus increases the convenience of insertion; that is to say, the garment to be inserted is usually disposed upon a garment hanger and the latter is grasped during insertion. Hence the upper end portion of the garment will be forced into the bag, but the frictional resistance to the insertion of the lower end portion serves, generally, to cause the said lower end portion of the bag to recede, and therefore after the garment hanger, upon which said garment is supported, has been hung upon the hook D it usually becomes necessary for the person to carefully insert the lower end portion of the garment into the lower end portion of the bag. By offsetting said hook D, as described, however, the weight of the garment on the hook serves to automatically throw the bag back to its normal position and thus to automatically receive the lower end portion of the garment."

The reason for the patentees' care in setting forth the position of the single member inside the bag, secured to the reinforcing member, is clearly seen after reading the quoted portion of the specification. The plaintiff's bag in evidence has the elements A, B, C, and D hereinbefore specified as found in claim 2 of the patent in suit, and they are used for the same purposes and in the same manner as set forth in the specification and said claim.

I do not find this limitation in the language used in claim 3, but in my opinion claim 3 of the patent can only be supported by reading in this particular construction, and I believe that this particular construction can be read into claim 3, because in my opinion it was so intended, as the drawings show only the way provided in claim 2 for accomplishing those purposes.

I have examined the patents offered by the defendant to show the prior art, all of which were issued by the United States Patent Office, and were marked in the instant case as Defendant's Exhibits B, C, D, and E, and I have analyzed them as follows:

B. Patent issued to Speed, No. 485,509, dated November 1, 1892, envelopment for clothing, shows a reinforcing member G, upon the inner side of the back, which is provided with hooks g g g g, or, if pre-

ferred, a single hook may be used, and a stretcher *H*, suspended therefrom for coats or cloaks.

C. Patent issued to Sahlin, No. 961,803, dated June 21, 1910, garment hanger and protector, shows a front-opening garment bag, with one flap folding over the other to approximately the middle portion.

D. Patent issued to Miller, No. 963,307, dated July 5, 1910, bag, shows a reinforcing member, *17*, within the bag, at the closed end, to which a suitable garment-suspending device is attached.

E. Patent issued to Bornot, No. 952,181, dated March 15, 1910, clothing bag, shows a side-opening bag.

From my examination of these patents showing the state of the art at the time of the granting of the patent in suit, I find that the patent in suit is not broadly for a bag with a side opening, broadly for a bag having a reinforcing member at the upper end, broadly for a bag having overlapping flaps and fastening devices, nor broadly for a bag with a suspending hook upon the outer side secured to the reinforcing member, and a single member adapted to support the garment within the bag, secured to the reinforcing member; but, on the contrary, I find that the patent in suit is a patent for a combination of all these elements, when, in such combination, the hanger for said bag is secured to the middle portion of the said reinforcing member, and a single member adapted to support a garment within the bag is secured to said reinforcing member in the manner and to produce the effect described in the specification and in claim 2 of the patent in suit.

An examination of the defendant's bag convinces me that the only things which the defendant's bag and the plaintiff's patent have in common are a side opening and means for closing that opening, a suspending device for the bag, and a suspending device for the garment; but there is not found in the defendant's bag the reinforcing member, nor the suspending device secured thereto, in the manner shown and described in the plaintiff's patent, nor is there found the back portion of the bag provided with a flap extending laterally over the front portion to a point in the front of the bag, and about the middle line thereof.

The defendant's bag is suspended by means of a hook which is pivoted to a plate on the outside of the paper constituting the material of the bag, and provision is made therein for supporting the garment within the bag in the form of an S-hook, which is affixed to a plate on the inside of the bag, and the two plates are locked together by mutually engaging lugs and openings. In the defendant's bag the inner hook for supporting the garment is immediately behind the hook or hanger for suspending the bag, so that the pull of both hooks is in a single line and not adjacent to the point of attachment of said suspending hook or hanger, and farther from the open edge of the bag than said hook or hanger.

Plaintiff contends that the plates just referred to were the equivalent of the reinforcing member at the top of the bag in plaintiff's patent in suit; but this cannot be so because the reinforcing member in the plaintiff's patent in suit, not only serves as the element to which the hanger and garment-supporting hook are secured, but also maintains

the form of the top of the bag, and assists in making possible swinging the bottom of the opening toward the operator by the placing of the garment hook inside the bag on said reinforcing member adjacent to and farther from the opening of the bag than the hanger, while the plates in the defendant's bag, being below the top of the bag, cannot help in preserving its form and aiding the operator, as does the reinforcing member in the plaintiff's patent in suit.

The plaintiff further contends that the inner hook in the defendant's bag is the equivalent of the inner hook in the plaintiff's patent in suit; but this does not seem to me to be so, because it is not affixed to a reinforcing member in the upper end of the bag, adjacent to the point of attachment of the hanger, and farther from the open edge of the bag, nor is it rigidly affixed as provided in the patent in suit (line 69, p. 1, specifications), but is so affixed that the lower part of the hook may be turned toward or away from the operator.

The experiment on the trial with the defendant's bag did not convince me that by turning the lower part of the inner hook away from the operator, when inserting a garment in the bag, the bottom of the open portion of the bag would swing toward the operator and assist him in inserting the garment; on the contrary, I am convinced that the point of anchorage to the plate of the inner hook, being immediately in the rear of the point of anchorage of the bag suspending hook, the pull of both hooks being on a single line, the bag will not be swung toward the operator to assist him in placing the clothes in the bag, of which such a strong point is made in the patent.

Plaintiff. contends that the construction of the defendant's bag, in which the front portion of the bag extends substantially coincident with the back portion and they are folded together, is the same in effect as that provided in claim 3 of the plaintiff's patent in suit, which provides, "With the back portion of the bag provided with a flap extending laterally over the front portion to a point in front of the bag and about the middle line thereof;" but I am unable to agree with him, because, even if the words "about the middle line thereof" do not require the flap to come to the middle, but are satisfied by a flap extending toward the middle, still the fact remains that the front and back portions of an envelope, which extend substantially coincident and may be folded over either to the front or to the back, are not the equivalent of a flap attached to the back portion, extending over the front portion and properly secured.

Even if the plaintiff is right in this contention, it would not constitute an infringement by the defendant, because, as we have found, the other elements, which must necessarily be found in the combination to constitute an infringement of the plaintiff's patent in suit, do not exist.

The novelty in the plaintiff's patent in suit, and its distinguishing characteristic, is the arrangement of the bag-suspending hook and garment-suspending hook, secured to the reinforcing member in the top of the bag, which it is claimed causes the bag to move in the direction of its open side; and this is not found in the defendant's bag. I therefore find that the defendant has not infringed the plaintiff's pat-

ent in suit. Universal Brush Co. v. Sonn, 154 Fed. 665, 83 C. C. A. 422; Portland Gold Mining Co. v. Hermann, 160 Fed. 91, 87 C. C. A. 247; Union Match Co. v. Diamond Match Co., 162 Fed. 148, 89 C. C. A. 172.

I therefore find that claim 2 of the plaintiff's patent in suit and claim 3 of the plaintiff's patent in suit, as I have heretofore interpreted the same to include the construction shown and described in the patent, are valid. I further find that the defendant has not infringed, nor does the bag of the defendant offered in evidence on the trial here infringe either or both of the claims of the plaintiff's patent in suit.

Having found that there is no infringement of the patent in suit, I find that the court is without jurisdiction with reference to the alleged unfair competition in trade.

Judgment is granted to the defendant against the plaintiff, dismissing plaintiff's bill of complaint, with costs.